UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DEMETRIO ROMAN<br><br>Plaintiff,<br><br>v.<br><br>CARMEL CAFE & WINE BAR, LLC,<br>d/b/a CARMEL KITCHEN WINE BAR<br><br>Defendant | Case No.: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Demetrio Roman, by and through the undersigned counsel, hereby files this Complaint against the above named Defendant, Carmel Cafe & Wine Bar, LLC, d/b/a Carmel Kitchen Wine Bar.

### NATURE OF THE CASE

1. This is an action brought by Plaintiff Demetrio Roman, (hereafter "Plaintiff") against his former employer for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. During the term of Plaintiff's employment, Defendant had the practice of not paying Plaintiff for hours worked in excess of forty in a workweek at a rate of 1.5 times Plaintiff's regular rate of pay. Consequently, Defendant was not fully compensating Plaintiff for all hours worked in excess of forty (40) hours in a workweek as required by the FLSA.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in the Tampa Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Hillsborough County has the greatest nexus with the cause because it is the place where Plaintiff provided services and Defendant conducted business.

## PARTIES

5. Plaintiff, a resident of Hillsborough County, was a former employee of Defendant.

6. Defendant Carmel Cafe & Wine Bar, LLC is a for-profit Florida corporation organized and existing under and by virtue of the laws of the State Florida which operates various restaurants in the State of Florida.

7. "Carmel Kitchen & Wine Bar" is a fictitious name under which Defendant Carmel Café & Wine Bar, LLC conducts business.

## COVERAGE

8. Defendant was an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

9. Upon information and belief, Defendant's annual gross volume of sales exceeded $500,000/year at all relevant times.

10. Defendant was an employer within the definition of the FLSA, 29 U.S.C. § 203.

11. During the term of his employment, Plaintiff was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

12. The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendant.

13. Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

## FACTUAL BACKGROUND

14. Plaintiff Demetrio Roman was continuously employed by Defendant from November of 2009 through February of 2017.

15. Plaintiff held a Kitchen Manager position at the time of separation and during his employment with Defendant. However, Plaintiff did not meet the requirements of the FLSA administrative, executive, professional or other exemptions.

16. At all relevant times, Plaintiff did not meet the requirements of the FLSA executive exemption in order to be properly classified as an exempt manager.

17. Plaintiff's primary duty consisted of manual, non-supervisory, non-managerial work. Approximately ninety percent (90%) of Plaintiff's work consisted of non-supervisory, non-managerial manual duties, including

kitchen preparations, cutting vegetables or fruit, cooking, baking, frying, preparing and packing orders, cleaning the kitchen, counters, surfaces and cooking equipment, mopping the floors, taking out the trash and washing dishes.

18. Because Plaintiff was misclassified as exempt, Plaintiff's was not paid 1.5 times his regular rate of pay for hours worked in excess of 40 in a workweek.

19. Plaintiff's rate of pay was a bi-weekly salary of $1,538.00 (gross), and worked, on average, between 65 to 70 hours per week, for an average of approximately 67 hours per week.

20. Plaintiff did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

21. During the period covered by the employment, Plaintiff worked in excess of forty (40) hours in a workweek and was not compensated at the statutory rate of one and one-half times his regular rate of pay.

22. Defendant's actions were willful or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

23. Plaintiff's payroll records (including records, if any, of the hours worked in each workweek), should be in Defendant's custody and control, pursuant to 29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is unknown at this time.

# COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

24. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 23 above.

25. Defendant failed to pay Plaintiff properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

26. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

27. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to overtime wages, liquidated damages, pre-judgement interest, attorney's fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgement against Defendant, and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c. Pre-judgement interest;

d. Attorney's fees and costs as provided by 29 U.S.C. § 216(b); and

e. Any further relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

28. Plaintiff requests a jury trial over all matter so triable, to the extent authorized by law.

Dated: April 20, 2017.            Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
4023 North Armenia Ave.
Suite 240
Tampa, Florida 33607
Telephone (813) 333-1322
Fax (866) 593-6771
E-mail: cynthia@wagesdue.com

s/ Cynthia Gonzalez
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff

s/ Luis R. Amadeo
Luis R. Amadeo
Florida Bar No. 565865
Attorney for Plaintiff